UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: _____

STEFANY FLORES,

    Plaintiff,

v.

SOUTH FLORIDA RACING ASSOCIATION, LLC d/b/a HIALEAH PARK CASINO,

    Defendants.

## COMPLAINT

Plaintiff, STEFANY FLORES ("Plaintiff"), sues the Defendant, SOUTH FLORIDA RACING ASSOCIATION, LLC d/b/a HIALEAH PARK CASINO (the "Defendant"), and alleges as follows:

## NATURE OF ACTION

1. This action arises out of Plaintiff's employment relationship with Defendant, including her wrongful termination in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").[1]

## PARTIES

2. At all times material, Plaintiff was a resident of Broward County, Florida.

3. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

4. At all times material, Defendant was an "employer" as defined by 29 U.S.C.§ 2611(4).

---

[1] Plaintiff will file a Charge of Pregnancy and Disability Discrimination and Retaliation with the EEOC.

1

5. At all times material, Defendant was a Florida company having its main place of business in Miami-Dade County, Florida. Defendant is and at all times relevant was a casino, and its business activity affected interstate commerce.

## JURISDICTION AND VENUE

6. Plaintiff brings this action pursuant to the FMLA, 29 U.S.C. § 2601 *et seq*.

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(3) and (4) and 28 U.S.C. §2617.

8. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred within this judicial district and because Defendant has its principal place of business within the district, resides in the judicial district and because the employment records of Plaintiff are stored or have been administered, in Miami-Dade County.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

10. Plaintiff worked for the Defendant as a poker room receptionist from June of 2017 until her wrongful termination in late 2020.

11. Defendant considered Plaintiff a good employee.

12. From her date of hire until her unlawful termination, Plaintiff received satisfactory feedback from Defendant about her work performance.

13. On or about November 15, 2020, while at work, Plaintiff began to feel unbearable pain. At the beginning of her shift, Plaintiff's supervisor called an ambulance, which took Plaintiff to the emergency room at the hospital.

14. At the hospital, Plaintiff was diagnosed with having an "ectopic pregnancy." Ectopic pregnancy is a serious medical condition that requires hospitalization and medical care.

15. Plaintiff's medical condition required her doctors to perform surgery on Plaintiff on or about November 15, 2020.

16. After the surgery, Plaintiff's doctors informed Plaintiff that she needed to rest for two (2) months, or until on or about January 15, 2021.

17. Plaintiff informed Defendant of her serious medical condition and of her need to take time off from work for two months until approximately January 15, 2021.

18. In response, Defendant told Plaintiff that the most she could take was "two weeks off".

19. Approximately two weeks after Plaintiff's surgery, Defendant contacted Plaintiff and told her "we cannot wait any longer for you to come back to work". Defendant terminated Plaintiff's employment.

20. Up until the time of Plaintiff's termination, Defendant had not explained Plaintiff her potential rights to leave under the FMLA.

### COUNT I: INTERFERENCE WITH FMLA RIGHTS
### (FAILURE TO PROVIDE FMLA INFORMATION)

21. Plaintiff repeats and re-alleges paragraphs 1-20 as if fully stated herein.

22. On November 15, 2020, Plaintiff was eligible for FMLA leave.

23. At all times material, Plaintiff gave proper notice to Defendant by informing them of her serious medical condition, which required surgery.

24. Plaintiff provided enough information for Defendant to know that her potential leave may be covered by the FMLA.

25. Despite its knowledge of Plaintiff's medical condition and need for surgery, Defendant failed to notify Plaintiff of her eligibility status and rights under the FMLA and failed to notify Plaintiff whether her leave was or could be designated as FMLA leave.

26. When Defendant failed to notify Plaintiff of her eligibility status and rights under the FMLA and failed to notify Plaintiff whether her leave was or could be designated as FMLA leave, Defendant interfered with Plaintiff's rights under the FMLA.

27. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff prejudgment interest on his damages award;

e. Award Plaintiff reasonable costs and attorney's fees;

f. Award Plaintiff any further relief pursuant to the FMLA; and

g. Grant Plaintiff such other and further relief as this court deems equitable and just.

## COUNT II: INTERFERENCE WITH FMLA RIGHTS AGAINST DEFENDANT (TERMINATION)

28. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

29. On November 15, 2020, Plaintiff was eligible for FMLA leave.

30. At all times material, Plaintiff gave proper notice to Defendant by informing it of her serious medical condition, which required surgery.

31. Plaintiff provided enough information for Defendant to know that her potential leave may be covered by the FMLA.

32. Despite its knowledge of Plaintiff's medical condition and need for surgery, Defendant terminated Plaintiff instead of affording her the opportunity to request and take FMLA leave.

33. When Defendant fired Plaintiff, it interfered with Plaintiff's rights under the FMLA.

34. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

b. Reinstatement or compensatory mental damages;

c. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

d. Award Plaintiff liquidated damages;

e. Award Plaintiff prejudgment interest on his damages award;

f. Award Plaintiff reasonable costs and attorney's fees;

g. Award Plaintiff any further relief pursuant to the FMLA; and

h. Grant Plaintiff such other and further relief as this court deems equitable and just.

**COUNT III: VIOLATION OF THE FMLA BY DEFENDANT– RETALIATION**

35. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

36. Defendant terminated Plaintiff following her notification about a serious medical condition, which required surgery and two months to recover. This notification constitutes a request for taking FMLA leave.

37. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave for medical reasons.

38. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of her termination.

39. As a direct and proximate result of the intentional violations by Defendant of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award Plaintiff compensatory damages under the FMLA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

d. Award Plaintiff liquidated damages;

e. Reinstatement;

f. Award Plaintiff prejudgment interest on her damages award;

g. Award Plaintiff reasonable costs and attorney's fees; and

h. Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

Dated: January 18, 2021.

Respectfully submitted,

**By: /s/ Tanesha W. Blye**
Tanesha W. Blye, Esq.
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com
Aron Smukler, Esq.
Fla. Bar No.: 297779
E-mail: asmukler@saenzanderson.com
R. Martin Saenz, Esq.
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*